IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| FRANKIE HAMMONDS,         )<br>                           )<br>    Plaintiff,             )<br>                           )   CIVIL ACTION NO.<br>    v.                     )     2:21cv448-MHT<br>                           )          (WO)<br>MONTGOMERY CHILDREN'S      )<br>SPECIALTY CENTER, LLC,     )<br>                           )<br>    Defendant.             ) | |

OPINION AND ORDER

This litigation involves a dispute between plaintiff Frankie Hammonds, who has paraplegia and a traumatic brain injury, and defendant Montgomery Children's Specialty Center, LLC ("MCSC"). In response to the MCSC's motion to compel arbitration, Hammonds asks the court to strike the affidavit of Kamia Davidson, which was included with MCSC's motion. *See* Plaintiff's Mot. to Strike (Doc. 33). For the reasons below, the court will deny Hammonds's motion.*

---

    *    Hammonds styled his motion as a "Motion to Strike Affidavit," but per the Federal Rule of Civil Procedure

As part of its motion to compel arbitration, MCSC submitted a sworn affidavit from Davidson, a nursing home administrator at MCSC.  *See* Affidavit (Doc. 29-1).  In its brief, MCSC cites the affidavit as evidence of the following propositions: that MCSC is a skilled long-term care nursing facility in Montgomery County, that MCSC regularly engages in interstate commerce as part of the process of caring for residents, and that MCSC received payments from Medicaid for the services that it provided to Hammonds during his stay. *See* Def.'s Brief in Support of Motion to Compel Arbitration (Doc. 29) at 3, 6.  None of those propositions is in dispute.

However, in her affidavit, Davidson also states that the arbitration rider at issue in this dispute "was signed by an employee of the Madison County Department

---

12(f), only material used in a pleading may be subject to the motion to strike.  *See Lowery v. Hoffman*, 188 F.R.D. 651 (M.D. Ala. 1999) (Thompson, J.).  For this reason, the court treats Hammonds's argument--that the affidavit is based on inadmissible hearsay--as a motion to exclude evidence.

of Human Resources," which "had been appointed as Frankie Hammonds' legal guardian."  Davidson Aff. (Doc. 29-1) at 3.

Hammonds argues that this part of the affidavit is based on inadmissible hearsay, because Davidson did not have personal knowledge of the relationship between Hammonds and the DHR.  He further argues that, if the court agrees to strike the affidavit from the record, "there is no proof of the Arbitration Agreement." Plaintiff's Brief (Doc. 33) at 1.

Having reviewed the briefings provided by both parties, the court has determined that there is no need to make a finding on the admissibility of Davidson's affidavit.  That evidence is not necessary for the court to reach its resolution on the defendant's motion to compel arbitration.  As the court explains in a separate opinion entered today, it did not rely on any part of Davidson's affidavit when making its determination that Hammonds was in state custody at the time of his admission.

3

For this reason, the admissibility of the affidavit has no bearing on the outcome of the motion to compel arbitration.  If the question of admissibility is raised again, in a different context, Hammonds may raise the issue in a subsequent filing.

***

Accordingly, it is ORDERED that plaintiff Frankie Hammonds's motion (Doc. 33) to strike Kamia Davidson's affidavit (Doc. 29-1) from the record is denied.

DONE, this the 11th day of July, 2023.

                                          /s/ Myron H. Thompson
                                   UNITED STATES DISTRICT JUDGE